**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re: Case No. 8:26-bk-04159

AMERICAN TOOL & MOLD, INC, *et al.*, Chapter 11
Jointly Administered

Debtors,
_________________________________/

**LIMITED OBJECTION OF ENCORE BANK**
**TO SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Encore Bank ("Encore Bank"), a secured creditor, by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the proposed sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances under Section 363 of the Bankruptcy Code in response to the *Expedited Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of Debtors' Assets* . . . *and (II)(A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Doc. No. 282) (the "Sale Motion"), and as detailed further in the Debtors' *Notice of Filing Disclosure Schedules to the Asset Purchase Agreement Dated as of September 8, 2026 by and Among Nickolas Asset Management, LLC and Debtors* (Doc. No. 361) (the "Disclosure Schedules"), and states:

1. Encore Bank timely filed its proof of claim (Claim No. 39) in the amount of $942,306.23, secured by three purchase money security interests ("PMSI") in equipment of the Debtors identified in Encore Bank's UCC-1 financing statements and valued by the Debtors at $1,500,299.34 per their Schedule D (Doc. No. 204).

2. The Disclosure Schedules identify Encore Bank's three loans as liabilities to be assumed by the buyer. *See* Schedule 2.4(x), Part B (Other Liabilities Assumed by Buyer), listing Loan No. x3088 (Toyoda FH1250SX horizontal machining center), Loan No. x3128 (Mark 660 surface grinder), and Loan No. x3281 (Hardinge T51 CNC lathe) (Doc. No. 361 at 20).

3. Encore Bank does not object to the assumption of its loans with the Debtors on the terms of each loan (with agreement – which has not been reached), and Encore Bank does not object to being promptly paid in full from the proceeds of the sale of its collateral at or before closing.

4. Encore Bank objects to the extent the Sale Motion and the Disclosure Schedules propose to assume, assign, or otherwise transfer Encore Bank's liens without the agreement of Encore Bank. Encore Bank has not agreed to the assumption or assignment of its liens, and it does not consent to any sale, assumption, or assignment of its PMSI collateral except as provided herein. Absent that consent, the Debtors may not sell Encore Bank's collateral free and clear of its liens under Section 363(f)(2) of the Bankruptcy Code, and the Debtors have not established that any other subsection of Section 363(f) is satisfied. The Debtors, not Encore Bank, bear the burden of proof on adequate protection.

5. The Disclosure Schedules understate the amount owed to Encore Bank. Whereas Encore Bank's filed proof of claim states a secured claim of $942,306.23 (Claim No. 39), the Disclosure Schedules reflect total balances for Encore Bank's three loans of only $540,462.16, $152,725.02, and $239,780.60, aggregating $932,967.78 – approximately $9,338.45 less than Encore Bank's filed claim, and exclusive of the post-petition interest, fees, and costs to which Encore Bank is entitled. This discrepancy must be reconciled, and any assumption or payoff must

be based on the full amount owed to Encore Bank rather than the understated figures in the Disclosure Schedules.

6. Encore Bank accordingly objects because it has not been informed, and the Sale Motion and Disclosure Schedules do not confirm, that Encore Bank will be paid in full, including post-petition interest and reasonable attorneys' fees, costs, and charges. Because the value of Encore Bank's collateral ($1,500,299.34 per the Debtors' schedules) exceeds the amount of its debt, Encore Bank is an oversecured creditor entitled under 11 U.S.C. § 506(b) to post-petition interest and reasonable fees, costs, or charges provided for under its loan documents. Any assumption of Encore Bank's loans or payoff of its claim must account for these amounts. Encore Bank reserves the right to obtain its own valuation of the collateral if necessary.

7. Encore Bank additionally objects on the grounds raised by other secured creditors, to the extent not inconsistent with this Limited Objection, including that the Sale Motion and Disclosure Schedules do not clearly establish which equipment constituting Encore Bank's collateral is included in the sale, or that the sale proceeds allocated to that collateral will be sufficient to satisfy Encore Bank's liens in full. The Sale Motion is also objectionable to the extent it provides, in paragraph 39, that a lienholder's consent "should be presumed" if it does not object; Encore Bank does not consent, and its consent may not be presumed.

8. To preserve its rights, Encore Bank objects to the sale to the extent its collateral would be sold or its loans assumed other than as set forth herein, and requests that its liens attach to the proceeds of any sale of its collateral. Encore Bank will work with the Debtors and will withdraw this Limited Objection upon confirmation that its liens will not be assumed or assigned without its consent and that it will be paid in full – including post-petition interest, fees, and costs – from the sale proceeds at or before closing.

WHEREFORE, Encore Bank respectfully requests that this Court enter an order (i) denying the Sale Motion to the extent it seeks to sell Encore Bank's collateral free and clear of its liens, or to assume or assign Encore Bank's loans or liens, without Encore Bank's consent or without payment of Encore Bank's claim in full – including post-petition interest and reasonable attorneys' fees, costs, and charges under 11 U.S.C. § 506(b) – at or before closing; (ii) requiring that any assumption or payoff of Encore Bank's claim be based on the full amount owed to Encore Bank rather than the understated amounts set forth in the Disclosure Schedules; (iii) providing that Encore Bank's liens shall attach to the proceeds of any sale of its collateral; (iv) preserving Encore Bank's right to obtain its own valuation of the collateral if necessary; and (v) granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2026.

*/s/ Ryan C. Reinert*

RYAN C. REINERT
Florida Bar No. 81989
BRIDGET M. DENNIS
Florida Bar No. 1024897
Shutts & Bowen LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
Email: rreinert@shutts.com
bdennis@shutts.com
*Attorneys for Encore Bank*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court via the CM/ECF system, which electronically served a copy on all counsel of record, and via U.S. Mail to American Tool & Mold, Inc., 1700 Sunshine Drive, Clearwater, FL 33765, and to all creditors who do not receive electronic service.

*/s/ Ryan C. Reinert*
Attorney